GENE TRENTHAM AND JOHN NICHOLS

*v.*

STATE OF TENNESSEE.

358 S.W.2d. 470.

(*Knoxville,* September Term, 1961.)

(May Session, 1962.)

Opinion filed June 5, 1962.

JAMES CLARK, Benton, V. L. STARKE, Cleveland, for plaintiffs in error.

GEORGE F. MCCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, Nashville, for defendant in error.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

The defendants below Gene Trentham and John Nichols, were convicted of burglary in the first degree and sentenced to serve not less than five nor more than seven years in the State Prison.

The assignments of error go principally to the sufficiency of the evidence.

Three witnesses testified for the State, Burch G. Biggs, the owner of the home entered by the defendants, W. O. Kennedy, with the TBI, and Tom Dalton, a Deputy Sheriff of Polk County.

The first witness testified that he and Mrs. Biggs, upon returning home from their cabin on the Parksville Lake, September 3, 1960, discovered their home had been entered and certain items of property taken including three pistols, and at least one set of linens.

John Nichols admitted to this witness that three people were involved in the offense and that one was a minor. This defendant denied to the witness that he entered the home and he did not know whether the home was broken into during the day time or night.

The second witness testified that he made an investigation of the case for the State; that one of the defendants told him one of them and a boy broke into the home;

that the other one told him the boy broke into the home; that they used a tire tool; that they identified the guns as being the guns they took from the home; and that they got together during the evening on the night of the burglary.

The evidence in this case is in narrative form, but we think it is sufficient to justify the verdict of the jury.

It is argued by defense counsel that the record does not show the breaking and entering occurred during the nighttime. The defendants admitted to the TBI agent their getting together "that evening," which, when read in context, justified the inference that it was on the evening of the burglary and that the offense was committed on that evening.

"Evening" has been defined by the Idaho Court of Last Resort in *Golay v. Stoddard et al.*, 60 Idaho 168, 89 P.2d 1002, to mean in common speech the latter part of the day and the early part of the night; and by the Vermont Court of Last Resort in *State ex rel. Martin v. Foley*, 89 Vt. 193, 94 A. 841, to be from supper time to the usual bedtime. We think, therefore, that this objection is without merit.

We have considered all assignments of error, find them without merit and the judgment of the lower court is affirmed.

BURNETT, FELTS, WHITE, and DYER, JUSTICES, concur.